IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH

| | |
|---|---|
| SARA NAVARRO and JOHN BATES,<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH DEPARTMENT OF CHILD AND FAMILY SERVICES,<br><br>Defendant. | REPORT & RECOMMENDATION<br><br>Case No.  2:25-cv-00647<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

  The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) assignment from District Court Judge David Barlow.[1] Before the court is pro se Plaintiff Sara Navarro ("Ms. Navarro") and pro se Plaintiff John Bates'("Mr. Bates") ( collectively, "Plaintiffs") civil rights action naming the Utah Department of Child and Family Services as Defendant.[2] Plaintiffs have been allowed to temporarily proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute") while the court screens their pleading.[3] Accordingly, the court now screens Plaintiffs' complaint and reviews the sufficiency of the pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends that Plaintiffs' action be dismissed.

---

[1] ECF No. 7, Order Referring Case; 26 U.S.C. § 636(b)(1)(B).

[2] ECF No. 1, Complaint.

[3] ECF No. 6, Order Temporarily Granting Motion to Proceed IFP; 28 U.S.C. § 1915.

## BACKGROUND

In 2007 Ms. Navarro was the subject of a DCFS administrative proceeding that resulted in a finding against her and memorialized in Defendant's administrative records.[4] Since that date and despite Ms. Navarro's attempts to have it removed, Defendant continues to "retain and make use of this record."[5] Plaintiffs allege DCFS' refusal to remove the record has caused them significant emotional distress and reputational harm and constitutes an ongoing violation of their due process rights.[6] Based on Defendant's continued use of the record, Plaintiffs seek $10,000 in damages.[7]

## LEGAL STANDARDS

To review Plaintiffs' complaint under the authority of the IFP Statute, the court must consider the failure to state a claim on which relief can be granted standard under Fed. R. Civ. P. 12(b)(6).[8] This legal standard is addressed below.

**Failure to State a Claim**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[9] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of

---

[4] ECF No. 1 at ¶ 10.

[5] *Id.* at ¶ 12.

[6] *Id.* at ¶¶ 14-16.

[7] *Id.* at 3.

[8] Fed. R. Civ. P. 12(b)(6).

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

Civil Procedure 12(b)(6).[10] Under that standard, the court "look[s] for plausibility in th[e] complaint."[11] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[12]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[13] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] "A pleading offering 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16] Rule 8 requires, at least, that the allegations of a complaint put the defendant on fair notice of the claims raised.[17] The twin purposes of a complaint are to give the

---

[10] Fed. R. Civ. P. 12(b)(6).

[11] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[12] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[13] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

[16] *Id.*

[17] *Twombly,* 550 U.S. at 555.

opposing party fair notice of the basis for the claims so defendant may respond and to allow the court to conclude that the allegations, if proven, show plaintiff is entitled to relief.[18]

In analyzing Plaintiffs' complaint, the court is mindful they are proceeding pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[20] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[21] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> "[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts . . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."[22]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff

---

[18] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

[19] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[20] *Id.* at 1110 (internal citation omitted).

[21] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[22] *Bellmon,* 935 F.2d at 1110 (internal citations omitted).

cannot prevail on the facts he has alleged[,] and it would be futile to give [them] an opportunity to amend."[23]

## ANALYSIS

The complaint is subject to dismissal because Plaintiffs do not state a claim for relief. Further, because Plaintiffs cannot prevail on the facts they have alleged, it would be futile to provide them with an opportunity to amend. As a result, the court recommends that Plaintiffs' case be dismissed.

**1.      Plaintiffs Fail To State A § 1983 Claim Against Defendant.**

Pursuant to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[24] Under the amendment, individual states are granted immunity from "suits brought in federal courts"[25] and immunity "extends" to "governmental entities that are arms of the state."[26] An entity is considered an arm of the state when it operates as an "alter ego" or an "instrumentalit[y]" of the state.[27] A party "cannot sue the state or arms of the state unless the

---

[23] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[24] U.S. Const. Amend. XI.

[25] *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).

[26] *Ambus v. Granite Board of Education,* 995 F.2d 992, 994 (10th Cir. 1993) (internal quotation and citation omitted).

[27] *Watson v. University of Utah Med. Ctr.,* 75 F.3d 569, 574 (10th Cir. 1996) (citing *Mascheroni v. Board of Regents of the Univ. of Cal.,* 28 F.3d 1554, 1559 (10th Cir. 1994)).

state or arms of the state voluntarily waive their sovereign immunity or the United States Congress validly abrogates their immunity through legislation."[28]

As a Utah state instrumentality, Defendant DCFS is considered an arm of the state and is immune from liability under the Eleventh Amendment.[29] Furthermore, Section 1983 does not waive Eleventh Amendment immunity and Utah has not waived its own or its arms' immunity for civil rights claims.[30] Accordingly, the court recommends dismissal of Plaintiffs' action.

**2.     Amendment Of Plaintiffs' Claims Would Be Futile.**

Based upon the foregoing analysis, Plaintiffs' complaint fails to state a claim. Yet dismissal is proper only "if it is obvious that [they] cannot prevail on the facts [t]he[y] [have] alleged and it would be futile to give [them] an opportunity to amend."[31] Here, because DCFS is immune from suit under the Eleventh Amendment, Plaintiffs cannot present any additional elements or factual allegations that would cure the defect and save their claims from dismissal.

---

[28] *Malmstrom v. Utah,* 2018 U.S. Dist. LEXIS 21100, at *6 (D. Jan. 10, 2018).

[29] *Jones v. Utah Div. of Child.* 2024 U.S. Dist. LEXIS 207321, at *6 (D. Utah Sept. 17, 2024); *adopted by Jones v. Nielsen,* 2024 U.S. Dist. LEXIS 205553 (D. Utah Nov. 12, 2024); *Malstrom*, at *6 ("DCFS operates as a division and instrumentality of the state and has immunity under the Eleventh Amendment."); *Millwee v. State Div. of Child & Family Servs.,* 2013 U.S. Dist. LEXIS 45893, at *5-6 (D. Utah March 4, 2013); *Theisen v. Fausett,* 2013 U.S. Dist. LEXIS 44962, at *6 (D. Utah March 26, 2013) ("It is well-settled that DCFS is an arm of the State of Utah . . . and that DCFS is immune from liability pursuant to the Eleventh Amendment.").

[30] *Malstrom,* at *7; *Theisen*, at *7 (concluding neither exception to immunity applies because "Congress did not abrogate the states' immunity under the Eleventh Amendment when it enacted 42 U.S.C. § 1983" and "Utah has not waived its Eleventh Amendment immunity.").

[31] *Curley v. Perry,* 246 F.3d 1278, 1282 (10th Cir. 2001) (citing *Perkins v. Kansas Dep't. of Corrections,* 165 F.3d 803, 806 (10th Cir. 1999)).

As a result, it would be futile to provide Plaintiffs an opportunity to amend their complaint and the action should be dismissed with prejudice.

### **RECOMMENDATION & NOTICE TO PARTIES**

The court RECOMMENDS as follows:

1. Defendant DCFS is immune from suit under the Eleventh Amendment and Plaintiffs' pro se complaint should be dismissed for failure to state a claim;

2. Amendment of Plaintiffs' complaint would be futile and the action should be dismissed with prejudice; and

3. Plaintiffs' Motion for Leave to Proceed in forma pauperis should be denied.[32]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[33] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[34] Failure to object may constitute waive of objections upon subsequent review.

    IT IS SO ORDERED.

    DATED this 27th day of August, 2025.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[32] ECF No. 2.

[33] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[34] *Id.*